IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN HULL and<br>ANGELIQUE HULL,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC and<br>U.S. BANK NATIONAL ASSOCIATION<br>AS TRUSTEE FOR THE REGISTERED<br>HOLDERS OF AEGIS ASSET-BACKED<br>SECURITIES TRUST MORTGAGE<br>PASS-THROUGH CERTIFICATES<br>SERIES 2005-4,<br><br>Defendants. | § § § § § § § § § § § § § § § § § | No. 3:12-cv-1098-M (BF) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank, National Association ("U.S. Bank") have filed a Rule 12(b)(6) motion to dismiss this civil action brought by Plaintiffs arising out of foreclosure proceedings initiated against their home in Richardson, Texas.[1] Succinctly stated, Plaintiffs contend that Defendants never acquired a valid interest in their mortgage loan and, thus, lack authority to foreclose on their property. Plaintiffs assert claims for violations of various state statutes, fraud and misrepresentation, quiet title, and declaratory and injunctive relief. Defendants move to dismiss all of Plaintiffs' claims and causes of action on grounds that Plaintiffs have failed to state a claim upon which relief can be granted. The motion has been briefed by the parties and is ripe for determination.

---

[1] Plaintiffs originally filed this action in Texas state court. The case was timely removed to federal court on the basis of diversity of citizenship. *See* Doc. 1.

**Legal Standards**

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* (quoting FED.R.CIV.P. 8(a)(2)).

**Analysis**

In their state court petition, Plaintiffs allege that they purchased their home in June 2005 with a loan from Aegis Funding Corporation ("Aegis"). *See* Plf. Orig. Pet. at 2, ¶ 6. In connection with that transaction, Plaintiffs executed a promissory note payable to Aegis (the "Note") and a Deed of Trust as security for the Note that named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. *Id.* Near the end of February 2012, Plaintiffs received written notice from a law firm that the Note was in default and their home would be sold at foreclosure on April 3. *Id.*, ¶ 7.

Although the law firm's letter did not clearly identify the party initiating the foreclosure, the notice of substitute trustee's sale identified Ocwen as the mortgage servicer and U.S. Bank, as Trustee for the Registered Holders of Aegis Asset-Backed Securities Trust Mortgage Pass-Through Certificates Series 2005-4 (the "Trust"), as the noteholder. *Id.* Plaintiffs allege that Defendants are agents of the Trust, but that the Trust is not the mortgagee or the servicer for their loan. *Id.* at 3-4, ¶¶ 7, 13-14.

According to Plaintiffs, the Trust is a common law trust created under New York law and governed by a Pooling and Servicing Agreement ("PSA"). *Id.* at 4, ¶ 8. Plaintiffs allege that Defendants had no legal right to initiate foreclosure proceedings against Plaintiffs' property because the Trust never legitimately acquired Plaintiffs' loan. *Id.* at 4, ¶ 14. The purported transfer of Plaintiffs' loan to the Trust, which was executed by MERS on May 23, 2008, occurred almost three years after the August 1, 2005 "cut-off date" and August 30, 2005 "closing date" set forth in the PSA. *Id.* at 2-4, ¶¶ 7-10, 13. The PSA allegedly prohibits any contributions to or acquisitions by the Trust after the closing date. *Id.* at 3-4, ¶¶ 10, 13. Further, the Trust is allegedly a real estate mortgage investment conduit, or "REMIC," subject to IRS regulations that prohibit the receipt of assets by the Trust after the closing date. *Id.* at 4, ¶¶ 11-12. Plaintiffs also allege that the Trust, which stopped filing reports with the Securities and Exchange Commission in March 2006, has been "wound down" and lacks legal capacity to take any action with respect to Plaintiffs' mortgage loan. *Id.* at 4, ¶ 13. Plaintiffs contend that Defendants conduct on behalf of the Trust, including collecting mortgage payments from Plaintiffs, accelerating the debt under the Note, appointing a substitute trustee, and initiating foreclosure proceedings, were without legal effect and constitute fraud. *Id.* at 4, ¶ 14.

Plaintiffs additionally challenge the securitization process, the capacity of MERS to transfer the Note, and the authority of Scott Anderson, Vice President of MERS, to execute the May 2008 assignment in favor of the Trust. *Id.* at 5, ¶¶ 15-16. Plaintiffs contend that their Note was "fully discharged and ceased to exist in the form of a negotiable instrument" as a result of the securitization process and that Anderson's lack of authority rendered the assignment to the Trust void. *Id.*, ¶ 16. Based on all of this conduct, Plaintiffs assert claims for violations of various Texas statutes -- including the Texas Business and Commerce Code, Section 12.002 of the Texas Civil Practice and Remedies Code, and Sections 392.303 and 392.304 of the Texas Finance Code, for fraud and misrepresentation, to quiet title to their property, and for declaratory and injunctive relief. *Id.* at 5-8, ¶¶ 19-29.

Defendants contend -- and Plaintiffs do not dispute -- that all of Plaintiffs' causes of action depend on allegations that the Deed of Trust was not properly assigned to U.S. Bank and that U.S. Bank is not the proper holder of the Note.[2] *See* Def. Mot. at 1. Defendants argue, however, that Plaintiffs lack standing to challenge any assignment of the Deed of Trust because they were not parties to such assignment. *See* Def. Mot. at 2-3. Defendants further argue that Plaintiffs' challenges to U.S. Bank's status as the noteholder are frivolous because the Note and Deed of Trust are inseparable and Plaintiffs cannot establish that the Deed of Trust was not assigned to U.S. Bank. *Id.* at 4-5.

---

[2] In their response to Defendants' motion, Plaintiffs concede that "[t]he crux of this case is validity of the claimed interest." Plf. Resp. (Doc. 13) at 2, n.1.

Standing

The Court initially observes that Defendants are not entitled to dismissal on grounds that "Plaintiffs lack standing whatsoever to challenge any [ ] transfers" of the Deed of Trust because Plaintiffs were not a party to such transfers. *See* Def. Mot. at 3. Defendants' grand assertion oversimplifies the law. *See, e.g. Asonibe v. Flagstar Bank, FSB*, No. 3:12-CV-2113-M, 2013 WL 1828842, at *4 (N.D. Tex. Apr. 5, 2013), *rec. adopted*, 2013 WL 1831747 (N.D. Tex. Apr. 30, 2013) (citing case that demonstrates split of authority amongst federal district courts in Texas on issue of whether borrowers have standing to challenge assignments of their mortgages because they are not parties to those assignments); *see also Rivera v. CitiMortgage, Inc.*, No. 3:12-CV-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr. 1, 2013) (no absolute rule that a nonparty to an assignment lacks standing to challenge its validity); *Castle Mortg. Corp. v. GMAC Mortg. LLC*, No. 3:12-CV-1969-N-BF, 2013 WL 1123381, at *1 (N.D.Tex. Mar 18, 2013) (rejecting *per se* bar to all claims by a plaintiff borrower that pertain to an assignment of mortgage); *Preston v. Seterus, Inc.*, No. 3:12-CV-2395-L, 2013 WL 1091272, at *8 (N.D. Tex. Mar. 15, 2013) (same). Some district courts have recognized two exceptions under Texas law to the general rule that a nonparty to an assignment lacks standing to challenge the assignment: (1) the assignee of a claim may sue the obligor for performance "under ... circumstances, ... render[ing] the assignment void, ... [but not] voidable," and (2) "under very limited circumstances, ... a defendant sued on a negotiable instrument [may] assert defenses and claims held by others." *Asonibe*, 2013 WL 1828842, at *4 (citing *Kramer v. Fannie Mae*, No. A-12-CA-276-SS, 2012 WL 3027990, at *4-5 (W.D. Tex. May 15, 2012)); *see also Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012). A void assignment may be challenged "because the only interest or right which an obligor

of a claim has in the instrument of assignment is to insure [sic] himself that he will not have to pay the same claim twice." *Kramer*, 2012 WL 3027990, at *5. With respect to a mortgage, "[a] void contract of assignment confers no right to foreclose under the deed on the purported assignee while a voidable contract transfers the deed to the assignee-including the rights contained in it-subject to the rights of the assignor to set it aside upon proof [that] the contract was executed improperly." *Puente*, 2012 WL 4335997, at *6 n.14 (citing *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942); *see also Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex.Civ.App.--San Antonio 1959, writ ref'd n.r.e.) (explaining that if the assignment is absolutely invalid or ineffective, a debtor may assert against the assignee his lack of title or right to sue; but, if the assignment is effective to pass legal title, the debtor cannot interpose defects or objections which merely render the assignment voidable at the election of the assignor).

Here, Plaintiffs do not allege that they were sued on the Note or were put in a position where they will have to pay the same claim twice. They do allege, however, that the assignment from MERS to the Trust was void. Plf. Orig. Pet. at 5, ¶ 16. Plaintiffs also allege that the Trust was "wound down" in 2006, two years prior to MERS's assignment of the Deed of Trust in 2008. *Id.* at 3-4, ¶¶ 10, 13. Under Texas law, an assignment may be void if the assignee is not in existence at the time the assignment is executed. *See Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595, 601 (Tex.App.--Hous. (14 Dist.) Nov 17, 1994, pet. denied) ("[I]n Texas, a deed is void if the grantee is not in existence at the time the deed is executed."). In view of these allegations, the Court cannot determine at this stage of the proceedings that Plaintiffs lack standing to bring their claims. *See Castle Mortg. Corp. LLC*, 2013 WL 1123381, at *2 (denying motion for judgment on the pleadings based on lack of standing where plaintiff alleged that assignment of mortgage loan was

void). *Cf. Asonibe*, 2013 WL 1828842, at *5, n.7 (indicating defendant may not be entitled to dismissal based on plaintiffs' lack of standing if plaintiffs alleged facts showing that the assignment of their mortgage was void); *Green v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-1498-N, 2013 WL 1406012, at *3 (N.D. Tex. Apr. 8, 2013) (finding plaintiff had standing to challenge foreclosure where she asserted a number of grounds that would allegedly render the assignment of her Deed of Trust void and proceeding to merits of arguments in light of summary judgment evidence).

Defendants' Authority to Foreclose

Nor are Defendants entitled to dismissal on grounds that U.S. Bank is "necessarily" the holder of the Note because it is the assignee of the Deed of Trust, and the Note and Deed of Trust are inseparable. *See* Def. Mot. at 4. No copy of any alleged assignment, Note, Deed of Trust, or other loan document is attached to Plaintiffs' complaint or Defendants' motion to dismiss, and Plaintiffs' petition contains scant information regarding the terms of such documents. Thus, there is nothing in the record to support Defendants' assertions that the Deed of Trust specifically provided that MERS would have the power of sale or that such power of sale passed to U.S. Bank. *See* Def. Mot. at 5. Plaintiffs also have alleged that any assignment of the Deed Trust by MERS was void. Plf. Orig. Pet. at 5, ¶ 16. Defendants have failed to establish at this stage of the proceedings that U.S. Bank is the current noteholder entitled to initiate foreclosure proceedings.[3] Accordingly, the Court should deny the motion to dismiss. *Preston*, 2013 WL 1091272, at *8 (declining to consider in context of motion to dismiss whether assignments established defendants' authority as mortgagees

---

[3] The Court takes no position on the merits of Defendants' arguments. If Defendants intend to offer evidence to challenge Plaintiffs' claims, they must do so now in the context of a motion for summary judgment.

or mortgage servicers to foreclose on the property at issue because copies of alleged assignments were not attached to the complaint or the motion to dismiss and little information regarding the assignments was contained in the complaint); *see also Castle Mortg. Corp.*, 2013 WL 1223381, at *2 (denying motion to dismiss where plaintiff alleged assignment of Deed of Trust was void and requiring defendant to submit evidence to contradict merits of plaintiff's allegations in context of summary judgment motion).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court **DENY** Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 11).

SO RECOMMENDED, May 9, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).