**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRYAN HULL and ANGELIQUE HULL,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 3:12-cv-1098-M (BF)** |
| | § | |
| **OCWEN LOAN SERVICING, LLC and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET-BACKED SECURITIES TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-4,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank, National Association, as Trustee for the Registered Holders of Aegis Asset-Backed Securities Trust Mortgage Pass-Through Certificates Series 2005 ("U.S. Bank") have filed a joint motion for summary judgment in this removed civil action brought by Plaintiffs Bryan Hull and Angelique Hull arising out of foreclosure proceedings initiated against their property in Richardson, Texas. Succinctly stated, Plaintiffs contend that Defendants are not the owner or holder of their mortgage note, nor are they acting on behalf of the note holder, and thus Defendants lack authority to foreclose on Plaintiffs' property. By this lawsuit, Plaintiffs assert claims for violations of the Texas Business and Commerce Code, the Texas Civil Practices and Remedies Code, and the Texas Finance Code, as

well as claims for fraud, misrepresentation, quiet title, and declaratory and injunctive relief.[1] Defendants now move for summary judgment as to all of Plaintiffs' claims and causes of action on grounds that there is no genuine fact issue that: (1) U.S. Bank is the holder of the Plaintiffs' mortgage note and the deed of trust encumbering their property, and (2) Ocwen is its loan servicer. Plaintiffs failed to file a written response to Defendants' motion. Accordingly, the Court considers the motion without the benefit of a response.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993).

The gravamen of Plaintiffs' claims is that Defendants have no authority to foreclose on their property because neither of them is the legal owner or holder of their mortgage note. *See* Pls.' Orig. Pet. at 5-8, ¶¶ 17-24, 29. It is well-settled, however, that Texas law imposes no such requirement

---

[1] Plaintiffs' operative pleading is their Original Petition filed in Texas state court. Defendants timely removed the case to federal court on the basis of diversity of citizenship. *See* 28 U.S.C. §§ 1441(a) & 1332(a)(1).

on the entity administering a foreclosure proceeding. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) (recognizing that, under Texas law, the party to foreclose need not possess the note itself). Under Texas law, either a mortgagee or a mortgage servicer may foreclose on a property. *Id*. at 255. A "mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument," "a book entry system," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4)(A)-(C). A "book entry system" is "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." *Id*., § 51.0001(1). Mortgage Electronic Registration Systems, Inc., or "MERS," is a book-entry system authorized to administer a foreclosure in Texas. *Martins*, 722 F.3d at 255. A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument." TEX. PROP. CODE § 51.0001(3). There is no additional requirement that the mortgagee or mortgage servicer also be the owner or holder of the mortgage note. *Martins*, 722 F.3d at 254; *see also Epstein v. U.S. Bank Nat. Ass'n*, --- F. App'x ----, 2013 WL 5340766, at *1 (5th Cir. Sept. 25, 2013) ("Under Texas law, a mortgagee or mortgage servicer is permitted to foreclose on a house even without holding the note.").

Here, the uncontroverted summary judgment evidence establishes that Plaintiffs obtained a home equity loan from Aegis Funding Corporation ("Aegis") on or about June 22, 2005. Def. MSJ App., Ex. A at 2, ¶ 4. In connection with that transaction, Plaintiffs executed a Texas Home Equity Adjustable Rate Note payable to Aegis (the "Note") and a Texas Home Equity Security Instrument ("Deed of Trust") as security for the Note. *See id.*; *see also* Def. MSJ App., Exs. B & C. The Deed

of Trust identifies MERS as the nominee for Aegis and its successors and assigns and the beneficiary under the Deed of Trust. *Id.*, Ex. B at 1, 3. The Deed of Trust also provides that MERS has the right to foreclose and sell the Plaintiffs' property if Plaintiffs default on the Note. *Id.* at 3. MERS assigned the Deed of Trust to U.S. Bank effective August 23, 2007, and the assignment was duly recorded in the Dallas County, Texas real property records. *Id.*, Ex. A at 2, ¶ 5 & Ex. E. Plaintiffs defaulted on the Note when they stopped making payments in April 2010. *Id.*, Ex. A at 3, ¶ 7 & Ex. D. Ocwen has serviced Plaintiffs' loan since August 23, 2007. *Id.*, Ex. A at 2-3, ¶ 6.

This evidence shows that U.S. Bank is the "last person to whom the security interest has been assigned of record," *see* Def. MSJ App. Ex. A at 2, ¶ 5 & Ex. E, and is thus a statutory mortgagee entitled to foreclose on Plaintiffs' property. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (under Texas law, bank that was assigned deed of trust by book entry system that was originally named as beneficiary was a mortgagee and could proceed with foreclosure action following mortgagor's default). Further, it is undisputed that Ocwen is Plaintiffs' loan servicer. *Id.*, Ex. A at 2-3, ¶ 6. Ocwen therefore also has authority to foreclose on the Property. TEX. PROP. CODE § 51.0025 (providing that mortgage servicer may administer the foreclosure of property on behalf of a mortgagee). Defendants are entitled to summary judgment on all of Plaintiffs' claims that are based on the erroneous legal assumption that Defendants lacked authority to foreclose on their property, including Plaintiffs' claims for violations of various Texas statutes, fraud and misrepresentation, a declaratory judgment, and quiet title. *See, e.g., Beck v. Bank of New York Mellon*, No. 3:12-CV-4784-M-BF, 2013 WL 5305873, at *5 (N.D. Tex. Sept. 19, 2013) (granting summary judgment in favor of bank and loan servicer where the crux of all of plaintiffs' claims was that defendants lack standing to foreclose on the property because they were not the legal owner or holder of the mortgage note); *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M-BK,

2012 WL 555194, at *3 (N.D. Tex. Jan. 23, 2012), *rec. adopted*, 2012 WL 556055 (N.D. Tex. Feb. 21, 2012) (dismissing claims for trespass to try title and to quiet title where sole basis for claims was that mortgage servicer was not the holder of the note and, therefore, lacked authority to foreclose on property).

Defendants are also entitled to summary judgment on Plaintiffs' claim that they are not entitled to foreclose on Plaintiffs' property because the assignment of the Deed of Trust to U.S. Bank violated the Pooling and Servicing Agreement ("PSA") governing the trust which holds Plaintiffs' mortgage loan. *See* Pls.' Orig. Pet. at 3-4, ¶¶ 8-14. Absent some evidence that they were parties to or intended third-party beneficiaries of the PSA, Plaintiffs lack standing to challenge the transfer of their loan in alleged violation of the terms of the PSA. *Farkas*, 737 F.3d at 342 (under Texas law, mortgagor lacked standing to bring suit to enforce the terms of PSA that governed assignment of mortgagor's note securing deed of trust, absent evidence that he was an intended third-party beneficiary of the agreement). Even if the assignment actually violated the terms of the PSA, such a violation would not render the assignment void. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Plaintiffs may not avoid summary judgment on grounds that the assignment of the Deed of Trust to U.S. Bank violated the terms of the PSA.

## RECOMMENDATION

The District Court should GRANT Defendants' Motion for Summary Judgment (Doc. 25) and DISMISS with prejudice all of Plaintiffs' claims and causes of action.

SO RECOMMENDED, January 29, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).